Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WEST COAST 2014-7, LLC,

                           Plaintiff,                                    VERIFIED COMPLAINT

             -against-

JOSEPHINE V. CHIN, WASHINGTON MUTUAL
BANK,
                          Defendant(s).
-------------------------------------------------------------X

        Plaintiff, West Coast 2014-7, LLC (hereinafter "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Josephine V. Chin and Washington Mutual Bank (the "Defendant"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 1274 Troy Avenue, Brooklyn, New York 11203 known on the Kings County Tax Map as Block 4977 Lot 12 in the County of Kings and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2.    West Coast 2014-7, LLC, is a California Limited Liability Company with its principal place of business at 7911 Warner Avenue, Huntington Beach, California 92647. West Coast 2014-

7, LLC's members are citizens of the states of California and Colorado. For the purposes of diversity, West Coast is a citizen of the States of California and Colorado.

3.   Josephine V. Chin, upon information and belief, is a resident and citizen of the State of New York, having an address at 1274 Troy Avenue, Brooklyn, New York 11203. Josephine V. Chin is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4.   Washington Mutual Bank, upon information and belief, is national banking institution with its principal place of business located at 3200 Southwest Freeway, Houston, Texas 77027. For the purposes of diversity, it is a citizen of the State of Texas. It is a necessary party defendant because it is the holder of a Mortgage lien against the premises, which is adverse to the interest of Plaintiff.

5.   Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, or is adverse to, the lien of said Mortgage.

## JURISDICTION AND VENUE

6.   This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

7.   Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.  A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## <u>AS AND FOR A FIRST CAUSE OF ACTION</u>

8.   This action is brought to foreclose a mortgage made by Josephine V. Chin set out as follows:

Mortgage dated June 30, 2006 made by Josephine V. Chin to MERS as Nominee for

Countrywide Bank, N.A. to secure the sum of $70,000.00 and interest, recorded on July 24,

2006 in CRFN: 2006000420008 in the Kings County Clerk's Office. Said lien covers

premises known as 1274 Troy Avenue, Brooklyn, New York 11203. A copy of the Mortgage

is annexed as Exhibit "B".

9.   On June 30, 2006, Josephine V. Chin executed and delivered a Note to Countrywide Bank,

N.A. in the amount of $70,000.00. A copy of the Note with endorsements and Affidavit of

Note Possession are annexed as Exhibit "C".

10.   The Note was transferred by the affixation of proper endorsements thereto. The Mortgage

was assigned by Assignments of Mortgage as follows:

a.   **Assignor:** MERS as Nominee for Countrywide Bank, N.A.
     **Assignee:** The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for
     the Certificateholders of CWHEQ, Inc., Home Equity Loan Asset Backed Certificates,
     Series 2006-S6
     **Dated:** June 14, 2012   **Recorded:** June 28, 2012
     CRFN: 2012000256600

b.   **Assignor:** The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for
     the Certificateholders of CWHEQ, Inc., Home Equity Loan Asset Backed Certificates,
     Series 2006-S6, by Nationstar Mortgage LLC d/b/a Mr. Cooper, as Attorney in Fact
     **Assignee:** West Coast Realty Services Profit Sharing 401(k) Plan
     **Dated:** September 24, 2020   **Recorded:** October 8, 2020
     CRFN: 2020000275914

c.   **Assignor:** West Coast Realty Services Profit Sharing 401(k) Plan
     **Assignee:** West Coast 2014-7, LLC
     **Dated:** November 5, 2020 **Recorded:** November 19, 2020
     CRFN: 2020000326039

A copy of the Assignments are annexed hereto as Exhibit "D", respectively.

11.    Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

12.    Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage. See Exhibit "C".

13.    Josephine V. Chin has failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on September 1, 2016 and the default continues to date.

14.    Plaintiff has complied with the contractual provisions in the loan documents in that the Default Notice to cure was issued on December 15, 2020 to Josephine V. Chin (the "Default Notice") advising of possible acceleration of the loan and that by virtue of her continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was issued on December 15, 2020 to Josephine V. Chin. Plaintiff has complied with the registration requirements of RPAPL 1306(1). Copies of the Default Notice and 90-day notice with proof of mailing and registration are annexed hereto as Exhibit "E".

15.    Plaintiff has complied with the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (S.9114/A.1181). See Exhibit "F".

16.    Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

17.    Plaintiff is in compliance with Section Nine-X of the New York State banking law, if applicable.

18.   As of the date herein, Josephine V. Chin has failed to respond to the Default Notices.

19.   Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

20.   Due to the above-described default, Josephine V. Chin is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a.   The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of December 15, 2020 amounts to $124,760.50;

    b.   Attorney's fees and other costs and disbursements, payable to West Coast 2014-7, LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c.   Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

21.   Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a.   Any state of facts that an inspection of the premises would disclose.

    b.   Any state of facts that an accurate survey of the premises would show.

    c.   Covenants, restrictions, easements and public utility agreements of record, if any.

    d.   Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e.   Any right of tenants or person in possession of the subject premises.

    f.    Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g.   Prior lien(s) of record, if any.

22.  In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

23.  Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

24.  No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

## AS AND FOR A SECOND CAUSE OF ACTION: REFORMATION

25.  Plaintiff repeats and reiterates each and every allegation of the complaint in Paragraphs "1" through "24" with the same force and effect as if set forth herein.

26.  Plaintiff has discovered that the Note contains a scrivener's error in Paragraph 3(B) "Amount of Monthly Payments", which states "My monthly payment will be in the amount of U.S. $473.96 for the first 120 months of this Note, and thereafter will be in the amount of U.S. $0.00."

27.  That based on the extrinsic evidence contained in the Note, and upon the Amortization Schedule annexed hereto as Exhibit "G", said payment amount should state "U.S. $674.02", which will amortize the loan in its entirety as contemplated by the Note.

28. That the Plaintiff will make a request upon receiving a Judgment of Foreclosure and Sale that it be granted an order reforming the Note at Paragraph 3(B) to insert the proper monthly payment amount of "U.S. $674.02" in the place and stead of "U.S. $0.00".

**AS AND FOR A THIRD CAUSE OF ACTION: RPAPL ARTICLE 15**

29. Plaintiff repeats and reiterates each and every allegation of the complaint in Paragraphs "1" through "28" with the same force and effect as if set forth herein.

30. This cause of action is brought pursuant to Article 15 of the New York State Real Property Actions and Proceedings Law to bar Defendant Washington Mutual Bank from any right, title or interest in and to the premises 1274 Troy Avenue, Brooklyn, New York 11203.

31. Plaintiff is the holder of the subject note and mortgage referenced in paragraphs 7 and 8 above.

32. Upon review of a foreclosure search acquired prior to this action, it was determined that Defendant Washington Mutual Bank has an interest or claim in the real property which cannot be extinguished without an affirmative cause of action being asserted in Plaintiff's Complaint.

33. Washington Mutual Bank is named a party defendant by virtue of the fact that that it holds a mortgage which is adverse to Plaintiff's interest and which remains open of record as follows:

   a. Mortgagor: Dave A. Chin and Josephine V. Chin

   Mortgagee: Fleet Real Estate Funding Corp.

   Amount $147,700.00

   Dated: July 25, 1995, Recorded: August 22, 1995 as Reel: 3567 Page: 1850

    b.  Assigned to: Bank United, which merged into Washington Mutual Bank on February 13, 2001

      Dated: July 8, 1998, Recorded: July 20, 1998 as Reel: 4529 Page: 2134

34.  Upon information and belief, all of the defendants are known, and none of them are infants, mentally ill or alcohol abusers.

35.  Upon information and belief, there are no persons not in being or ascertained at the commencement of this action who by any contingency contained in a devise or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved in this action, and any judgment rendered herein will not and may not affect any such person not in being or not ascertained at the time of the commencement of this action.

36.  The interest of Washington Mutual Bank adverse to the Mortgage being foreclosed and is subject to be declared invalid and extinguished pursuant to Article 15 of the Real Property Actions and Proceedings Law.

37.  Plaintiff hereby requests that the Judgment of Foreclosure and Sale state the following:

    ORDER, ADJUDGED and DECREED that the mortgage held by Washington Mutual Bank which appears to be adverse to the Mortgage being foreclosed, is hereby declared invalid and extinguished pursuant to RPAPL Article 15; and it is further

    ORDER, ADJUDGED and DECREED that Defendant Washington Mutual Bank and all person or entities claiming by, through or under it, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgage premises; and it is further

    ORDER, ADJUDGED and DECREED that the record be reformed to reflect that the mortgage of Defendant Washington Mutual Bank is invalid and extinguished.

    **WHEREFORE**, on the first cause of action, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and

foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendant Josephine V. Chin may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants

deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable; and

**WHEREFORE,** on the second cause of action, that the Note be deemed reformed as aforesaid plead herein; and

**WHEREFORE,** on the third cause of action, that Defendant Washington Mutual Bank's interest in the mortgaged premises, and all persons or entities claiming by, through of under them, be declared invalid and extinguished, and Washington Mutual Bank and all persons or entities claiming by through or under them, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises and that the Plaintiff be granted reformation of the record to reflect this requested relief.

Dated: May 11, 2021
          Syosset, New York

                              Yours, etc.


                    By:     /s/ Alan H. Weinreb
                            Alan H. Weinreb, Esq.

## <u>VERIFICATION BY ATTORNEY</u>

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: May 11, 2021
        Syosset, New York


                              /s/ Alan H. Weinreb
                              **ALAN H. WEINREB**